**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **STINGRAY IP SOLUTIONS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. No. 2:21-CV-00043-JRG** |
| | § | **C.A. No. 2:21-CV-00044-JRG** |
| **SIGNIFY N.V.,** | § | |
| **SIGNIFY (CHINA) INVESTMENT CO.,** | § | **JURY TRIAL DEMANDED** |
| **LTD.,** | § | |
| **SIGNIFY HONG KONG LIMITED,** | § | |
| **SIGNIFY NETHERLANDS B.V., and** | § | |
| **SIGNIFY POLAND SP. Z.O.O.,** | § | |
| | § | |
| **Defendants.** | § | |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the

management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving

the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.  **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure

    26(a)(1), each party shall disclose to every other party the following information:

    (a)   the correct names of the parties to the lawsuit;

    (b)   the name, address, and telephone number of any potential parties;

    (c)   the legal theories and, in general, the factual bases of the disclosing party's claims

          or defenses (the disclosing party need not marshal all evidence that may be offered

          at trial);

(d)     the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)     any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)     any settlement agreements relevant to the subject matter of this action; and

(g)     any statement of any party to the litigation.

2.    **Disclosure of Expert Testimony.**  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a)     if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b)     for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3.    **Additional Disclosures.**  Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

---

[1]  The Court anticipates that this disclosure requirement will obviate the need for requests for production.

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

    i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

    ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials

- 3 -

bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4.    **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

5.    **Discovery Limitations.**  The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

(a)    For the purposes of this section (Section 5 – Discovery Limitations), Plaintiff Stingray IP Solutions, LLC shall count as a "side" and Defendants Signify N.V., Signify (China) Investment Co., Ltd., Signify Hong Kong Limited, Signify Netherlands B.V., and Signify Poland Sp. z.o.o. shall count as a single party or "side."

(b)    For the purposes of this section, the discovery limitations shall apply to the total amount of discovery requested in both of the above-captioned actions collectively, which the parties have agreed should be consolidated for pre-trial purposes.

(c)    Interrogatories: Each side may serve up to 50 interrogatories on the other side.

(d)    Requests for Admission: There is no limit to the number of requests for admission the parties may serve to establish the authenticity of documents. Each side may serve up to 60 requests for admission on the other side.

(e)    Depositions:

i) Experts. An expert that provides a written report on more than one issue (for example, invalidity and non-infringement) will be considered to have provided separate expert reports per issue. An expert who submits a report on behalf of a side may be deposed for 7 hours by the opposing side regarding each such report. An

expert who submits more than one report on behalf of a side for one of the above actions may be deposed for 7 hours per report.  Notwithstanding the foregoing, an expert who submits a report on behalf of a side for both of the above actions for either infringement or invalidity may be deposed for up to 11 hours per report.  An expert who submits a report on behalf of a side for both of the above actions for other issues may be deposed for 7 hours by the opposing side regarding each such report.

ii) Depositions of Parties and their Personnel.  Each side may take up to 85 hours of party depositions, including both 30(b)(6) and 30(b)(1) depositions.  The parties agree that a party deposition taken in either of the above-captioned actions may be used as if it were taken in either action.

iii) Third Party Depositions.  Each side may take up to 30 hours of depositions of deponents who are not covered by (d)(i) – (ii) above.  The parties agree that a non-party deposition taken in either of the above-captioned actions may be used as if it were taken in either action.

iv) Where subject matter of the depositions of the two above-captioned actions overlaps, the Parties agree to coordinate such depositions across cases to minimize duplication where possible. The limitations set forth in Fed. R. Civ. P. 30(d) apply to all witnesses, except that for any deposition requiring translation, 66% of the actual hours shall count towards the limitations on deposition hours set out above and in Rule 30(d).

6.    **Privileged Information.**    There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged

documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7.     **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8.     **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9.     **Discovery Disputes.**

- 6 -

(a)     Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The Requesting Party may thereafter file a motion to compel.

(b)     An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c)     Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d)     Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e)     Any change to a party's lead attorney designation must be accomplished by motion and order.

(f)     Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.     **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.     **Filings.**  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.     **Proposed Stipulations by the Parties Regarding Discovery.**

The Parties agree to the following proposed stipulations (a)-(e):

**(a) Discovery in Related Case.**  The parties agree that all discovery produced in either of the above-captioned action may be used as if it were produced in either action.

**(b) Privilege Logs.**  Neither party is required to log privileged materials dated after February 8, 2021, which was the filing date of the complaint. In addition, (i) privileged

- 8 -

or attorney work-product materials created by or on behalf of outside litigation counsel regarding the litigation in which such counsel represent their client; and (ii) communications between a client and its litigation counsel regarding the litigation in which such counsel represent their client, do not need to be included on any privilege log regardless of their date.  The parties reserve the right to request logs of specific kinds of privileged materials otherwise excluded by the foregoing where good cause exists, such as a specific challenge to withheld discovery.

(c) **Expert Discovery.** Testifying experts shall not be subject to discovery on any draft of their reports in this case and such draft reports, declarations, notes, outlines, or any other writings leading up to an issued report or filed declaration in this litigation are exempt from discovery. In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to that person's work in this case, are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation. No discovery can be taken from any consulting expert except to the extent that the consulting expert has provided information, opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his or her final report, declaration, trial or deposition testimony, or any opinion in this case. Materials, communications, and other information exempt from discovery under this Paragraph shall be treated as attorney work product for the purposes of this litigation but need not be logged on a privilege log. This provision does not change the existing protections for expert discovery and exceptions thereto set forth in Fed. R. Civ. P. 26(b)(4).

**(d) Third-Party Discovery**.  A party who serves a subpoena in this case on a third party shall provide a copy to the other party prior to service of that subpoena as required by Fed. R. Civ. P. 45(a)(4). A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within three business days.

**(e) ESI Discovery & Email**.  The parties agree to meet and confer regarding entry of a supplemental order regarding ESI discovery and email discovery based on the Court's Model Order Regarding E-Discovery in Patent Cases and to file a proposed supplemental order regarding ESI discovery and email discovery before August 25, 2021.  In the first instance, the parties agree that email shall not be subject to discovery. After the parties have exchanged initial disclosures, the parties may meet and confer regarding a party's ability to specifically request email discovery and the restrictions (such as the number of custodians and search terms) that will be applicable to such email discovery. After the meet and confer, the parties may jointly submit a proposed Modified ESI Order regarding this issue at that time.

13. **Standing Orders.**  The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the

parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

## So Ordered this

**Aug 16, 2021**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE