**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| STINGRAY IP SOLUTIONS, LLC, | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.   2:21-CV-00044-JRG |
| | § | (LEAD CASE) |
| SIGNIFY N.V.,  SIGNIFY (CHINA) | § | |
| INVESTMENT CO., LTD.,  SIGNIFY | § | CIVIL ACTION NO.  2:21-CV-00043-JRG |
| HONG KONG LIMITED,  SIGNIFY | § | (MEMBER CASE) |
| NETHERLANDS B.V.,  SIGNIFY | § | |
| POLAND SP. Z.O.O., | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## <u>ORDER</u>

The Court issues this Order *sua sponte*. Plaintiff Stingray IP Solutions, LLC ("Stingray") filed its Motion for Leave to Effect Alternative Service (the "Motion") on August 3, 2021 requesting leave to serve Signify (China) Investment Co., Ltd., Signify Hong Kong Limited, Signify Netherlands B.V., and Signify Poland Sp. z.o.o. (collectively, the "Added Defendants") under Federal Rule of Civil Procedure 4(f)(3). (Dkt. No. 40). While Defendant Signify N.V. has not filed a formal response to the Motion, it has previously filed a Notice regarding the prior service attempts upon the Added Defendants stating that such attempts at service were improper and should be held for naught. (Dkt. No. 26). In the Notice, Signify N.V. clearly contests the sufficiency of service on the Added Defendants (who are its foreign subsidiaries) and requests that the Court remove the automatically generated answer dates for each Added Defendant. *Id.*

In light of Signify N.V.'s Notice and the pending Motion, the Court finds that a hearing is warranted. Accordingly, it is **ORDERED** that the Motion for Leave to Effect Alternative Service (Dkt. No. 40) is set for hearing on **Tuesday, October 26, 2021 at 4:00 p.m.** in Marshall, Texas.

**So ORDERED and SIGNED this 20th day of October, 2021.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE